Clarence Craig, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 26, 1985, to President Judge CRUMLISH, JR., Judge MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

Robert Greevy, Chief Counsel, for respondent.

Opinion by Senior Judge Barbieri, December 19, 1985:

In this case we are called upon to assess whether counsel appointed under the mandate of *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981), to assist an indigent parolee in appealing a parole revocation order of the Pennsylvania Board of Probation and Parole (Board) has met the requirements of *Anders v. California*, 386 U.S. 738 (1967). Specifically, we must consider counsel's request to withdraw and determine what, if any, rights petitioner may have as to further representation.

The following facts are pertinent. Petitioner, Clarence Craig, was sentenced to a term of two months to five years by the Court of Common Pleas of Philadelphia County for his conviction of Violation of the Uniform Firearms Act.[1] The Board granted him parole on this sentence effective April 2, 1983 at which time he was released from the State Correctional Institution at Graterford (SCI-Graterford).

On July 3, 1983, petitioner was arrested by Philadelphia Police on new criminal charges.[2] He was released from custody after posting bond. He was again arrested by Philadelphia Police on August 18, 1983 on new criminal charges[3] and remained confined in the

---

[1] 18 Pa. C. S. §§6101-6119.

[2] The new criminal charges lodged against petitioner as a result of the arrest of July 3, 1983 were Burglary (18 Pa. C. S. §3502), Criminal Trespass (18 Pa. C. S. §3503), Criminal Conspiracy (18 Pa. C. S. §903), and Terroristic Threats (18 Pa. C. S. §2706).

[3] The new criminal charges lodged against petitioner as a result of the arrest of August 18, 1983 were Burglary, Attempted Theft

Philadelphia County Prison. On August 25, 1983, he was convicted of Criminal Trespass and Criminal Conspiracy stemming from the arrest of July 3, 1983. On September 13, 1983, the Board scheduled a parole Violation/Revocation Hearing for petitioner at the Philadelphia House of Correction. At that time, he requested and was granted a continuance until his pending criminal charges were disposed of to include sentencing in the event he was convicted.[4] On February 17, 1984, he was convicted of Burglary stemming from the arrest of August 18, 1983. He was sentenced on the Burglary conviction on September 25, 1984 by Judge KENDALL SHOYER who imposed a sentence of thirty-three to sixty-six months.

On November 29, 1984, the Board afforded petitioner a Violation/Revocation Hearing at SCI-Graterford before a Board hearing examiner. Petitioner objected to the timeliness of the hearing as beyond the one hundred twenty days required by 37 Pa. Code §71.4(2).

---

(18 Pa. C. S. §901), Criminal Trespass, and Resisting Arrest (18 Pa. C. S. §5104).

[4] The request for continuance signed by petitioner on September 13, 1983 reads as follows:

I hereby request that the parole Violation/Revocation Hearing for Clarence Craig, Parole No. 2870-R, be continued from 9/13/83 to CFN [continued until further notice].

REASONS:

Client waived his Preliminary/Detention Hearings and requested that his Violation/Revocation Hearings be continued pending disposition of the criminal charges and sentencing, if convicted.

s/ Clarence Craig
(Signature of Client)

s/ Charles C. Flaherty 9/13/83
(Commonwealth Employee)

Joseph Davis 9/13/83
(Hearing Examiner)

The examiner overruled this objection based upon petitioner's continuance request of September 13, 1983. On January 21, 1985, the Board ordered petitioner's parole revoked and recommitted him to prison as a convicted parole violator to serve twenty-four months on backtime. Petitioner filed a pro se petition for administrative relief again asserting the alleged untimeliness of his November 29, 1983 hearing. The Board denied administrative relief on March 6, 1985 and he filed a pro se petition for review with this Court.

Pursuant to our holding in *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981), and the mandate of *Bronson,* we appointed the Public Defender of Montgomery County to represent petitioner in this appeal.[5] Counsel duly entered his appearance and filed an Amended Petition for Review on petitioner's behalf. Subsequent to the filing of the certified record by the Board, counsel filed a request to withdraw on the basis that the appeal was frivolous. In compliance with *Anders* and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), counsel has served petitioner with a copy of his petition to withdraw and a copy of the *Anders* brief which he has filed with this Court. Counsel has also advised petitioner of his right to raise to this Court any points which he may deem worthy of merit and of his right to retain substitute counsel or proceed pro se. Where counsel has moved

---

[5] Since petitioner was incarcerated at SCI-Graterford, which is located in Montgomery County, when he filed his pro se appeal, the Public Defender of Montgomery County is responsible for representing him in appealing the Board's denial of administrative relief. *See* Section 6(a)(10) of the Public Defender Act, 16 P.S. §9960.6 (a)(10) *Brewer v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 75, 494 A.2d 36 (1985) ; *Passaro.*

to withdraw his or her appearance due to the allegedly frivolous nature of an appeal, the prisoner must be given a reasonable opportunity to respond to that motion by securing substitute counsel or filing a pro se brief. While the Rules of Appellate Procedure provide that a seven day period is a reasonable time in which to answer an application for relief, *see* Pa. R.A.P. 123 (b), due to the nature of the matter herein involved and the fact that the petitioners are usually incarcerated and, for the time being, uncounseled, we feel that thirty days is a reasonable period and we so hold. We note, however, that in this case, more than thirty days have elapsed since counsel filed his motion to withdraw and a copy of *Anders* brief and served it upon the petitioner and petitioner has failed to respond thereto either by procuring substitute counsel or by the filing of a pro se brief. It is counsel's petition to withdraw which is before the Court at this time.

While both *Anders* and *McClendon* deal with appeals from criminal convictions, we have adopted their rationale and requirements for evaluating whether appointed counsel should be permitted leave to withdraw from an appeal from a Board parole revocation order. *Scott v. Jacobs,* 76 Pa. Commonwealth Ct. 100, 463 A.2d 110 (1983). We have previously recognized the importance of the right to assistance of counsel to an indigent parolee who seeks to resist the revocation of his parole by the Board. *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985). However, the right to assistance of counsel does not entitle the parolee to require that appointed counsel prosecute frivolous appeals. Rather, it is the obligation of any lawyer— whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals. *Polk County v. Dodson,* 454 U.S. 312, 323 (1981). *See*

*also Nickols v. Gagnon,* 454 F.2d 467, 472 (7th Cir. 1971), *cert. denied,* 408 U.S. 925 (1972) ; A.B.A Standards for Criminal Justice, Commentary to 4-3.9 (2d ed 1980).

We also duly note the dictates of the Code of Professional Responsibility that was adopted by the Pennsylvania Supreme Court, effective February 27, 1974, specifically Ethical Consideration EC 7-4 and Disciplinary Rule DR 7-102(A)(2). EC 7-4 states:

> The advocate may urge any permissible construction of the law favorable to his client, without regard to his professional opinion as to the likelihood that the construction will ultimately prevail. His conduct is within the bounds of the law, and therefore permissible, *if the position taken is supported by the law or is supportable by a good faith argument for an extension, modification, or reversal of the law. However, a lawyer is not justified in asserting a position in litigation that is frivolous.* (Emphasis added.)

DR 7-102(A)(2) provides that:

*DR 7-102. Representing a Client Within the Bounds of the Law.*

(A) In his representation of a client, a lawyer shall not:

. . . .

(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

These provisions not only provide the justification for counsel to withdraw from a frivolous appeal but they mandate that he do so. *Albright v. Department of Public Welfare,* 71 Pa. Commonwealth Ct. 114, 454 A.2d 1149 (1983). *Cf. Peace v. Department of Public Welfare,* 93 Pa. Commonwealth Ct. 300, 501 A.2d 1164 (1985). (Community Legal Services is fully justified in refusing to provide legal services to client to prosecute a frivolous lawsuit).

It is apparent that the right to withdraw is tied to a finding, after a conscientious review of the record, that the appeal is "wholly frivolous." "Wholly frivolous" has been defined by our Supreme Court as a complete lack of points present that might arguably support an appeal. *Commonwealth v. Greer,* 455 Pa. 106, 108, 314 A.2d 513, 514 (1974). The lack of merit in an appeal is not the legal equivalent of frivolity. *Id.*

Here counsel in his brief reached the conclusion that the appeal was wholly frivolous and, based upon that judgment, seeks leave to withdraw.

> Appellate Counsel, Assistant Public Defender Scott F. Breidenbach, Esquire, has carefully and conscientiously examined the entire record and the law with regard to the issue in this case, and has made the determination that the appeal of this case is wholly frivolous and meritless, and therefore respectfully requests that he be permitted to withdraw as appellate counsel in this case, and to withdraw his entry of appearance in this matter.

Petitioner's brief, pg. 6.

As noted earlier, counsel has also met the requirements of notifying the indigent petitioner of his request to withdraw, furnished the petitioner with a copy of his brief and advised petitioner of his right to retain

new counsel or raise any points that he might deem worthy of consideration. At that point, it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous. *Anders,* 386 U.S. at 744; *McClendon,* 495 Pa. at 471, 434 A.2d at 1187. We have reviewed the entire record and concur in counsel's judgment that the appeal is wholly frivolous.

Prior to ruling on counsel's motion to withdraw, however, we must determine whether the brief prepared by counsel satisfies the mandate of *Anders.* As noted by our Supreme Court in *McClendon,* the major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal. The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do no more. Once a reviewing court is satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility. 495 Pa. at 473-474, 434 A.2d at 1187. Counsel here has done all that is required of him under *Anders* and *McClendon* and we find the brief submitted in support of his motion to withdraw adequate.

Having found from our independent study of the record that the appeal is wholly frivolous, we grant counsel's request to withdraw. Because of our conclusion that the appeal is entirely without merit and there

can be no basis for the relief sought, we also affirm the Board's denial of administrative relief.

### Order

Now, December 19, 1985, after an extensive and independent examination of the entire record, the petition of Scott F. Breidenbach, Esquire, for leave to withdraw as counsel for petitioner is hereby granted and counsel's entry of appearance on behalf of petitioner is ordered stricken. In that the Court's independent examination of the record has shown this appeal to be wholly frivolous, the order of the Pennsylvania Board of Probation and Parole at Parole No. 2870-R, dated March 6, 1985, which denied administrative relief to Clarence Craig, is hereby affirmed.