538 A.2d 108

Bernard Stevens, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole et al., Respondents.

Submitted on briefs November 12, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*David L. Sigismonti,* for petitioner.

*Robert Greevy,* for respondents.

OPINION BY JUDGE MACPHAIL, February 24, 1988:

Bernard Stevens (Petitioner) has appealed from a denial of administrative relief by the Pennsylvania Board of Probation and Parole following the Board's revocation of his parole for technical parole violations.[1] Presently before us for disposition is an application to withdraw appearance filed by Petitioner's current appointed counsel, the Public Defender of Delaware County.

---

[1] The Board's parole revocation order has not been included in the record or supplemental record certified to this Court. In Petitioner's *pro se* petition for review, he represents that the Board's recommitment order was dated February 11, 1987 and ordered that he serve twelve months backtime for multiple technical violations. Petitioner's present counsel, on the other hand, states that the recommitment order was dated March 2, 1987 and provided for two years, ten months and six days backtime with a recomputed maximum date of April 8, 1989.

In any event, this Court has been advised that Petitioner has recently been reparoled. We observe, contrary to counsel's assertion, that Petitioner's reparole does not render the instant matter moot. *Johnson v. Pennsylvania Board of Probation and Parole,* 505 Pa. 569, 482 A.2d 235 (1984).

In ruling on an application to withdraw appearance, it is this Court's responsibility to make a full evaluation of the proceedings before the Board and the merits of Petitioner's case to determine whether the appeal is in fact wholly frivolous. *Craig v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985). An appeal is wholly frivolous only when it is completely lacking in points that might arguably support an appeal. The fact that an appeal may ultimately be determined to lack merit, however, does not necessarily render it legally frivolous. *Id.* When applying to withdraw as a court-appointed counsel, counsel has the additional duties of notifying the parolee of his request to withdraw, furnishing the parolee with a copy of his brief and advising the parolee of his right to retain new counsel or personally raise any arguments which the parolee considers worthy of consideration. *Craig.*[2]

*Craig* is based upon *Anders v. California,* 386 U.S. 738 (1967) and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). In a recent decision, the Pennsylvania Superior Court, citing *Pennsylvania v. Finley,* 481 U.S. , 107 S.Ct. 1990 (1987), held that it was no longer necessary for counsel to file an *Anders* brief in cases where counsel determines in a Post Conviction Hearing Act, 42 Pa. C. S. §§9541-9551, pro-

---

[2] By letter dated November 20, 1987, we were advised by the Public Defender of Delaware County that he had been unsuccessful in making contact with Petitioner and that Petitioner had, in fact, been released from incarceration. Thus, counsel had been unable to comply with this Court's directive regarding notification to Petitioner. We were also advised, however, that Petitioner's whereabouts *are* known to the Board. We, accordingly, entered an interim order directing counsel to obtain Petitioner's current address from the Board and give proper notice of these proceedings to Petitioner. A copy of that notice has been filed with this Court and the application, accordingly, is ripe for disposition.

ceeding that an appeal is frivolous. *Commonwealth v. Rauser,* 367 Pa. Superior Ct. 370, 532 A.2d 1191 (1987).

In his opinion in *Rauser,* President Judge CIRILLO wrote that the discussion of *Anders* in connection with an appeal from the Board to this Court was outside of the scope of *Rauser,* 367 Pa. Superior Ct. at 382, 532 A.2d at 1197.

Because the necessity for counsel in appeals from the Board to this Court was mandated by our Supreme Court in *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), we are reluctant to follow the result reached in *Rauser* without further instruction from our Supreme Court. We, consequently, will continue to require an *Anders* brief from counsel where counsel petitions to withdraw on the ground that the prisoner's appeal is frivolous.

The basis for Petitioner's appeal is his argument that his violation hearing before the Board was untimely. While on parole, Petitioner was arrested on May 14, 1986, in Philadelphia for possession of a controlled substance. He was subsequently held on a Board detainer, having posted bail on May 15, 1986. On June 13, 1986, Petitioner waived a full Board hearing and requested a continuance of his violation and possible revocation hearing pending disposition of all outstanding criminal charges. On August 5, 1986, the criminal charges against Petitioner were dismissed and Petitioner was processed at Graterford State Correctional Institution as a parole violator on September 4, 1986. His violation hearing was ultimately scheduled and held on January 8, 1987. The hearing, thus, occurred approximately 124 days after Petitioner was transferred to State custody, or beyond the 120-day limit for such hearings. 37 Pa. Code §71.2(11).

The Board concluded that the January 8, 1987 hearing was nevertheless timely due to Petitioner's prior request for a continuance pending the disposition of the outstanding criminal charges. The Board contends that the 120-day period never again started to run in this case because *Petitioner* did not request in writing that the hearing be rescheduled. The basis for the Board's contention that the burden was on Petitioner to affirmatively request that the hearing be rescheduled is the form continuance request signed by Petitioner on June 13, 1986, which included a check mark next to the designation that the violation and/or revocation hearing be continued "[u]ntil further written notice (To be rescheduled at request of parolee)."

In cases where a violation hearing has been continued at the parolee's request, 37 Pa. Code §71.5(i)(2) provides that:

> In determining the period for conducting hearings under this chapter, there shall be excluded therefrom the period of delay at a stage of the proceedings as results from any of the following:
>
> . . . .
>
> (2) Continuances granted at the request of the defendant or his attorney.

Thus, periods of time attributable to a continuance request are not counted against the Board for purposes of determining the timeliness of a hearing. *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985). Moreover, there is no requirement that a continuance request meet the stringent standards which are applied to waivers of fundamental rights. *Id.* In the instant case, the violation hearing clearly was held in a timely manner since Petitioner never formally ended the continuance period by requesting that his hearing be rescheduled.

We, accordingly, conclude that Petitioner's appeal is wholly frivolous. We will, therefore, grant the application to withdraw appearance and dismiss Petitioner's appeal.

## Order

The application of counsel for leave to withdraw appearance is granted, and Petitioner's appeal is dismissed.