554 A.2d 1017

Carol Strothers, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 16, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Deborah A. Weinman,* Assistant Public Defender, for petitioner.

No appearance for respondent.

OPINION BY JUDGE CRAIG, March 1, 1989:

In this parole revocation appeal, we must determine whether the appeal of the petitioner, Carol Strothers, is so wholly frivolous that we may grant her appointed counsel leave to withdraw. Strothers appealed an order of the Pennsylvania Board of Probation and Parole that recommitted her to serve twelve months backtime as a convicted parole violator. Counsel's petition for leave to withdraw is before the court at this time.

Strothers received a one-to-four-year sentence for her convictions for retail theft and criminal conspiracy. While on parole for those convictions, Strothers was arrested and later convicted for criminal acts including retail theft, prostitution, and criminal conspiracy. The board ordered Strothers to serve a total of sixteen months backtime for her violations.[1] Strothers sought administrative relief on

[1] The subject of this appeal only concerns Strothers' twelve month recommitment as a convicted parole violator. Strothers re-

May 17, 1988 and filed an amended request for relief on May 20, 1988. The board denied relief on June 28, 1988.

Strothers does not claim that the amount of backtime the board ordered is not within the presumptive range the board may order in its discretion, but Strothers appears to claim that the amount of backtime is harsh because mitigating factors exist. These factors include the fact that Strothers remained drug free while on parole, that she is the mother of a three-year-old child, that her mother has cancer, and that she claims to have committed the parole violations only to obtain money to support her family.

In reviewing an application for leave to withdraw, this court must make an independent evaluation of the proceedings before the board to determine whether the petitioner's appeal is wholly frivolous. *Stevens v. Pennsylvania Board of Probation and Parole*, 114 Pa. Commonwealth Ct. 1, 538 A.2d 108 (1988).

Additionally, counsel must have satisfied the technical requirements set out in *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 586, 502 A.2d 758 (1985). *Craig* requires counsel to notify the petitioner of her request to withdraw, to furnish the petitioner with a copy of her brief, and to advise the petitioner of her right to retain new counsel or raise any points that she might deem worthy of consideration. *Craig*, 93 Pa. Commonwealth Ct. at 592-93, 502 A.2d at 760. After reviewing the record, we are satisfied that counsel complied with the technical requirements of *Craig*.

---

ceived a total of sixteen months because the board previously ordered Strothers to serve four months backtime as a technical parole violator for failure to notify the appropriate parole authorities within 72 hours of an arrest while on parole. 37 Pa. Code §65.4(3)(ii)(A).

We must now consider the merits of Strothers' appeal to determine whether the appeal is wholly frivolous. When a court is satisfied that counsel's assessment of the appeal is correct, counsel has fully discharged her responsibility. *Craig*, 93 Pa. Commonwealth Ct. at 593, 502 A.2d at 762.

This court has stated that an appeal is not frivolous merely because a court may ultimately find that the appeal lacks merit. *Craig*. An appeal is frivolous if it completely lacks any point that might arguably support an appeal. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974).

Strothers' only claim is that the board abused its discretion in ordering her to serve twelve months backtime for her parole violations. This court will not review the board's discretion in imposing an amount of backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the presumptive range for those violations. *Congo v. Pennsylvania Board of Probation and Parole*, 104 Pa. Commonwealth Ct. 511, 522 A.2d 676 (1987); *Chapman v. Pennsylvania Board of Probation and Parole*, 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

The board based its backtime order on Strothers' actual convictions for the crimes she committed while on parole. These convictions constitute substantial evidence in support of the board's order. We also note that the board may consider each criminal conviction and aggregate backtime accordingly. *Corley v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). The backtime the board ordered is clearly within the presumptive range allowed for the crimes for which the petitioner was convicted. 37 Pa. Code §75.2.

Additionally, Strothers cannot argue that the rule established by *Rivenbark v. Pennsylvania Board of Pro-*

*bation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), applies to her. The Pennsylvania Supreme Court in *Rivenbark* held that a parolee may not be recommitted as a technical parole violator based upon an act constituting a new crime of which she is convicted. However, in Strothers' case, the technical parole violation for which she received four months backtime was for failure to report the fact of her arrest to the parole authorities, not for any of the crimes for which she was later convicted and for which she received the twelve months of backtime as a convicted parole violator.

We conclude that Strothers' appeal lacks any point that might arguably support an appeal and is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw, and we affirm the board's decision.

### ORDER

NOW, March 1, 1989, we grant counsel leave to withdraw, and we affirm the board's decision.