[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NO. 244),DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 254) AND THE THIRD-PARTYPLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (NO. 229)
Pursuant to Practice Book § 378, the plaintiff, the defendants, and the third-party defendants have moved for summary judgment. This memorandum of decision will address the three motions as follows. Part III will address the defendants' motion for summary judgment as to the plaintiff. Part IV will address the plaintiff's motion for summary judgment as to the defendants. Part V will address the third-party defendants, motion for summary judgment as to the third-party plaintiffs. CT Page 9759
I. Factual and Procedural History
The underlying facts are as follows. Prior to 1985, Alan K. Nudalman (hereinafter "Nudalman") purchased real property located at 35 Union Street, New London, Connecticut (hereinafter the "Crocker House"). In 1985, Nudalman entered into an agreement with the City of New London to construct a "greenhouse" on the sidewalk adjacent to the Crocker House to be used in conjunction with a restaurant and bar on the premises. Under the terms of the agreement, the City charged Nudalman a semi-annual rental fee for use of the sidewalk. The agreement expired on April 30, 1990.
In May, 1990, Charles Flanagan purchased Crocker House and thereafter hired Nellie Colonis to manage the property. On January 9, 1991, the City of New London requested that Flanagan immediately remove the greenhouse in order that the City could proceed with plans to reopen State Street. In March, 1994, Flanagan commenced removal of the greenhouse. On March 6, 1991, Anthony Clark, an employee of Flanagan's, was seriously injured when he was struck by a falling iron beam while dismantling the greenhouse. As a result of this accident, this litigation commenced.
By way of substituted complaint[1] (hereinafter "complaint") dated January 13, 1995, Anthony Clark (hereinafter the "plaintiff") brings this action against the City of New London and its building inspector, Raymond Burke, (hereinafter the "defendants") for injuries incurred as a result of the March 6, 1991 incident. On January 19, 1996, the defendants filed a motion for summary judgment as to the following counts: 1) Counts one and two on the ground that governmental immunity bars the plaintiff's negligence claims; 2) Counts three, four, six, seven, eight, and thirteen on the ground that the defendants conduct does not, as a matter of law, rise to the level of recklessness; 3) Counts five and twelve on the ground that the plaintiff has, as a matter of law, alleged insufficient facts to support the allegations; and 4) Counts nine, ten, and eleven on the ground that the plaintiff has failed, as a matter of law, to state facts sufficient to state a claim of recklessness or nuisance, and on the ground that the defendants are not liable for actions of a non-agent or non-employee.
On July 12, 1996, the plaintiff filed a memorandum of law in opposition to defendants' motion for summary judgment. CT Page 9760 On August 21, 1996, the defendants filed a supplemental motion for summary judgment. On June 11, 1997, the plaintiff filed a supplemental memorandum of law in opposition to the defendants' motion for summary judgment.
On July 12, 1996, the plaintiff filed a motion for summary judgment as to liability on the ground that General Statutes § 29-404 imposes a mandatory duty on the City of New London to administer the state demolition code and that the defendants failed to so administer the code.[2] On June 4, 1997, the defendants filed a memorandum of law in opposition to the plaintiff's motion for summary judgment stating that the court (Hurley, J.) had already determined that the defendants' actions pursuant to General Statutes § 29-404 discretionary and, therefore, governmental immunity bar the plaintiff's negligence claims.
On July 21, 1997, the City of New London and Raymond Burke filed a third-party complaint against Charles Flanagan, Nellie Colonis (hereinafter the "third-party defendants"), and Alan K. Nudalman.[3] On August 31, 1993, third-party defendants Flanagan and Colonis filed an answer and asserted special defenses.
On June 4, 1997, the third-party defendants moved for summary judgment as to the third-party plaintiffs on the grounds that 1) Counts four and seven improperly seek apportionment of damages based on negligence against an employer, 2) Count five alleges facts insufficient to state a cause of action for breach of contract, and 3) Counts six and eight allege facts insufficient to state a cause of action for indemnification based on tort.[4] On June 27, 1997, the third party plaintiffs filed a memorandum of law in opposition to the motion for summary judgment stating that 1) since this case was brought prior to the enactment of Public Act 95-111, a party otherwise immune from liability may nonetheless be made a party for apportionment purposes, 2) there is a genuine issue of material fact as to whether a contract existed between the City of New London and Charles Flanagan, and 3) the City of New London has properly pleaded a cause of action for indemnification based on tort.[5]
On June 27, 1997, the court (Handy, J.) heard oral argument on all three motions. CT Page 9761
II. Summary Judgment, Legal Standard
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 744-45,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle [that party] to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp., 229 Conn. 99,105, 639 A.2d 99 (1994); Miller, supra, 233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue."Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roma,38 Conn. App. 240, 244, 659 A.2d 1226 (1995).
III. THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (No. 229)
A. Disposition
The defendants's motion for summary judgment as to the plaintiff is denied as to all counts on the ground that there are disputed issues of material fact that must be resolved by a jury.
B. Discussion
1. Counts one and two: Negligence
The defendants argue that summary judgment should be granted as to Counts one and two of the plaintiff's complaint on the ground that governmental immunity bars the plaintiff's negligence claims.[6] In support of their argument, the CT Page 9762 defendants assert that this court's (Hurley, J.) memorandum of decision on a prior motion to strike the plaintiff's complaint has established that defendant Burke's "duties in connection with the issuance of a permit for demolition is a governmental duty, and thus discretionary in nature." Memorandum of Decision on Motion to Strike, July 15, 1994, (Hurley, J.) at 9.
"A municipality itself [is] generally immune from liability for its tortious acts at common law . . . . [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. . . . The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. (Citations omitted.) Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989).
The court's (Hurley, J.) memorandum of decision on the defendants' motion to strike has already determined that the acts in question are governmental acts; thus, governmental immunity would normally attach. However, the court also found that the facts, as alleged, fit one of the narrowly defined exceptions to the general rule barring claims against a government or its subdivision. Specifically, the court found that the plaintiff's complaint alleged facts sufficient to bring the allegations within the "wilful and wanton" exception to governmental immunity.[7] Id. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances." CFM of Connecticut, Inc. v. Chowdury,239 Conn. 375, 404, 685 A.2d 1108 (1996). Summary judgment is denied as to Count one on the ground that this court (Hurley, CT Page 9763 J.) previously determined that the plaintiff's allegations fit one of the narrowly tailored exceptions to governmental immunity, and there remains a material issue of fact as to whether the defendants are liable to the plaintiffs as specified in Count one of the plaintiff's January 17, 1995 complaint.
Count two of the plaintiff's complaint alleges statutory indemnification for the negligence of defendant Burke, as alleged in Count one, pursuant to General Statutes § 7-465[8] "[I]n a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with the individual." Wu v. Town ofFairfield, 204 Conn. 435, 438, 528 A.2d 364 (1979). Since this court has already determined that defendant Burke's negligence is a matter for the jury to determine, and it is undisputed that defendant Burke was, at all times relevant hereto, an employee of the City of New London, the court also finds that the City of New London's statutory duty to indemnify must also await the jury's determination.[9]
This court denies the defendants' motion for summary judgment as to Counts one and two on the ground that the plaintiff has alleged facts which bring the defendants' actions within one of the exceptions to governmental immunity, and there remain material issues of fact whether the defendants are liable to the plaintiff.
2. Counts three, four, six, eight, and thirteen: Recklessness.
The defendants argue that they are entitled to summary judgment as to Counts three, four, six, seven, eight, and thirteen, on the ground that the plaintiff has failed to allege facts sufficient to constitute recklessness.[10] "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614,538 A.2d 108 (1988). "It is well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of CT Page 9764 motive, intent and subjective feeling and reactions." (Ellipsis omitted.) Batick v. Seymour, 186 Conn. 632, 646-47,443 A.2d 471 (1982). Construing the facts in the complaint most favorably to the plaintiff, summary judgment is denied as to Counts three, four, six, seven, eight, and thirteen on the ground that there remain material issues of fact whether the defendants were reckless as to the plaintiff.[11]
3. Counts five and twelve: Liability pursuant to General Statutes § 52-572n.
At the outset, there appears to be some confusion on the part of the defendants whether Counts five[12] and twelve[13]
sound in negligence, recklessness, or both. Upon review of the complaint, Count five relies on the recklessness exception carved out in § 52-557n(b)(7); Count twelve relies on the general abrogation of governmental immunity set forward in § 52-557 (a)(1)(B).
In general, § 52-557n[14] abrogates much of the common law rule of governmental immunity. However, the statute does provide for the immunity of a municipality and its employees if they are engaged in governmental, as distinguished from ministerial, acts within the scope of their employment,[15] and these acts do not fall into one of the exceptions provided by the statute. See Gauvin v. New Haven, 187 Conn. 180, 184
(1984). Specifically, § 52-557n(a)(1)(B) abrogates governmental immunity in the negligent performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit. General Statutes § 52-557 (a)(1)(B). On the other hand, § 52-557n(b)(7) preserves governmental immunity unless the issuance or non-issuance of a permit, or other authorization, constitutes a reckless disregard for health or safety.[16] General Statutes § 52-557n(b)(7).
As stated above, the facts alleged in Count five of the plaintiff's complaint are sufficient to create a material issue of fact as to whether the defendants are liable to the plaintiff. As for Count twelve, whether the defendant derived pecuniary benefit from the greenhouse is a question of fact not appropriate for determination by summary judgment.
The defendants' motion for summary judgment is denied as to Counts five and twelve on the grounds that governmental CT Page 9765 immunity does not bar the plaintiff's claims and that there are material issues of fact as to whether the defendants are liable pursuant to § 52-572n.
4. Counts nine, ten, and eleven: Nuisance.
Plaintiff asserts that Counts nine, ten, and eleven state claims for nuisance.[17] The defendants assert that they are entitled to summary judgment on the ground that the defendant has not, as a matter of law, asserted facts sufficient to establish a claim for nuisance.
"In order to establish its claim for nuisance, the plaintiff [must] . . . prove the existence of the following four elements: (1) the condition complained of [has a] natural tendency to create danger and inflict injury upon person or property; (2) the danger created [is] a continuing one; (3) the use of land [is] unreasonable or unlawful; and (4) the existence of the nuisance [is] the proximate cause of the [plaintiff's] injuries and damages." (Brackets omitted; internal quotation marks omitted.) Tomasso Brothers, Inc. v.October Twenty-four, Inc., 221 Conn. 194, 197, 602 A.2d 1011
(1992). "Whether the elements necessary to establish a claim of nuisance have been proven is . . . a question of fact which is ordinarily determined by the trier of fact." Id. As the movant, the defendants have the burden of proof that there is no genuine issue of material fact. As such, the defendants have produced no affidavits contradicting the plaintiff's complaint but merely assert that the plaintiff's complaint cannot, as a matter of law, establish a prima facie case for nuisance.
Viewing the complaint in the non-movant's favor, this court finds that a jury could find that the plaintiff has made a valid claim for nuisance as against the defendants. The plaintiff has alleged a series of actions by the defendants that a jury could find have a natural tendency to create a danger, that said danger is a continuing one, and that plaintiff's injuries are proximately caused thereby. The defendants' motion for summary judgment is denied as to Counts nine, ten,[18] and eleven.
D. Conclusion
The defendants' motion for summary judgment (No. 229) CT Page 9766 is denied as to Counts one, two, three, four, five, six, eight, nine, ten, eleven, twelve, and thirteen on the ground that there are material issues of fact that require resolution by a jury.
IV. THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO THE DEFENDANTS (No. 244)
A. Disposition
The plaintiff moves for summary judgment against the defendants on the ground that General Statutes § 29-404 imposes a mandatory duty on the defendants to administer the state demolition code and that the defendants failed to administer the code.
Pursuant to this court's reasoning in the defendants' motion for summary judgment, this court denies the plaintiff's motion for summary judgment on the ground that there are numerous outstanding issues of fact that require resolution by a jury.
V. THE THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THETHIRD-PARTY DEFENDANTS (No. 254)
A. Disposition
The third-party defendants' motion for summary judgment is granted as to Counts four and seven on the ground that the exclusivity provision of the Worker's Compensation Act bars the third-party plaintiffs from citing in the third-party defendants for apportionment purposes. The third-party defendants' motion for summary judgment as to Counts five, six, and eight is denied on the ground that there are disputed issues of material fact.
B. Discussion
1. Counts Four and Seven: Apportionment
The third-party defendants argue that summary judgment should be granted as to Counts four and seven of the third-party plaintiffs' complaint on the ground that the exclusivity provision, General Statutes § 31-284 (a), prohibits the third-party plaintiffs from bringing in the third-party defendants CT Page 9767 for apportionment purposes. In opposition, the third-party plaintiffs argue that, at the time this action commenced, an immune party could be brought into a case for apportionment purposes.[19]
Prior to the enactment of General Statutes § 52-102b, General Statutes § 52-102 was the appropriate statutory vehicle for citing in a party for apportionment purposes.[20] SeeCooper v. Delta Chi Housing Corporation of Connecticut,41 Conn. App. 61, 65, 674 A.2d 858 (1996). In their brief, the third-party plaintiffs fail to cite the pertinent portion of General Statutes § 52-102: "no person who is immune from liability shall be made a defendant in the controversy."
In Cooper v. Delta Chi Housing Corporation, supra, the Appellate court determined that an immune party could not be brought in for apportionment of liability pursuant to General Statutes § 52-102 and 52-572h. Id. 65. In that case, the defendants attempted to cite in the University of Connecticut as a defendant for apportionment purposes. Id. 63. The Court concluded that the language of § 52-102 prohibiting immune parties from being made a defendant was applicable for an apportionment defendant as well. Id. 65.
In this case, the third-party plaintiffs do not dispute that the third-party defendants are employers within the meaning of the Workers Compensation Act. Subject to exceptions which do not apply to apportionment, the Supreme Court has observed that the Worker's Compensation Act is the exclusive remedy as against an employer. Ferryman v. Groton,212 Conn. 138, 144-45, 561 A.2d 432 (1989). Thus, the third-party plaintiff is immune from liability within the context of General Statutes § 52-102. On the basis of the Court's reasoning in Cooper, the third-party defendants' motion for summary judgment is granted as to Counts four and seven on the ground that they are immune from liability pursuant to General Statutes § 31-275 et seq., and thus may not be made parties to this action for apportionment purposes.
2. Count five: Breach of Contract
The third-party defendants assert that summary judgment, should be granted as to Count five of the third-party complaint on the ground that there is no evidence whereby a jury could find that there was either an express or implied contract CT Page 9768 between the third-party plaintiffs and the third-party defendants.[21] The third-party plaintiffs assert that whether there was an implied or express contract between third-party defendant Flanagan and the third-party plaintiff City is a matter of fact for the jury to determine.[22]
An express contract is a contract whose terms and conditions are expressed in actual words. An implied contract "is an agreement between the parties which is not expressed in words but which is inferred from the acts and the conduct of the parties." Brighenti v. New Britain Shirt Corporation,167 Conn. 403, 406, 356 A.2d 181 (1974). Both types of contracts depend on an actual agreement or the undertaking of an actual contract commitment. D'Ulisse-Cupo v. Board of Directors ofNotre Dame High School, 202 Conn. 206, 211-12 n. 2, 520 A.2d 217
(1987).
In support of their motion, the third-party defendants have produced an affidavit by Flanagan which states that at the time he purchased the above-mentioned property he was unaware of any agreement between the City and the former owner, Alan Nudalman. See Flanagan Affidavit at 2. The third-party plaintiffs argue that Flanagan's knowledge of a prior agreement is irrelevant as to whether Flanagan and the City had an agreement in place at the time of the plaintiff's accident. The third-party plaintiffs argue that the City's demand to have the greenhouse removed, coupled with Flanagan's removal of the greenhouse, is evidence of at least an implied agreement between Flanagan and the City to remove the greenhouse, making resolution of this issue by way of summary judgment inappropriate.
Summary judgment is ordinarily inappropriate where intent is implicated. Reynolds v. Chrysler First Comm. Corp.,40 Conn. App. 725, 731-32, 673 A.2d 573 (1996). The third-party plaintiffs have set forward facts sufficient to demonstrate that whether there was a contract between the parties is an issue of fact appropriately resolved by a jury. The third-party defendants' motion for summary judgment is denied as to Count five.
3. Counts Six and Eight: Indemnification
The third-party defendants argue that their motion for summary judgment should be granted as to Counts six and eight CT Page 9769 on the ground that the third-party plaintiffs have failed to make out a prima facie case for common law indemnification. The third-party plaintiffs assert that they have alleged facts sufficient to set forward a prima facie case for indemnification.
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. . . . Ordinarily, there is no right of indemnity between joint tortfeasors. . . . Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. . . . In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: . . . (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; . . . (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence . . . [and 5] . . . an independent legal relationship between the indemnitor and the indemnitee [are] rise to a special duty." (Citations omitted; internal quotation marks omitted.)Atkinson v. Berloni, 23 Conn. App. 325, 326-27, 580 A.2d 84
(1990).
The third-party plaintiff has arguably stated a prima facie case for common law indemnification. The City has alleged that the third-party defendants were negligent in supervising and hiring the work crew responsible for dismantling the greenhouse, that the third-party defendants had exclusive control and ownership of the greenhouse, that the third-party plaintiffs were unaware of the third-party defendants negligent conduct and had no reason to anticipate such conduct, and that an independent legal relationship existed between the third-party defendants and the third-party plaintiffs by virtue of a contract, whether express or implied, between the parties.[23] These alleged facts are sufficient to create a material issue of fact as to whether the third-party plaintiffs are entitled to indemnification from the third-party, defendants. The third-party defendants' motion for summary judgment is denied as to Counts six and eight. CT Page 9770
C. Conclusion
The third-party defendants' motion for summary judgment is granted as to Counts four and seven and denied as to Counts five, six, and eight.
VI. CONCLUSION
The defendants' motion for summary judgment (No. 229) is denied as to Counts one, two, three, four, six, seven, eight, nine, ten, eleven, twelve and thirteen on the ground that there remain disputed issues of material fact that a jury must resolve.
The plaintiff's motion for summary judgment (No. 244) is denied on the ground that there are disputed issues of fact that must be resolved by a finder of fact.
The third-party defendants' motion for summary judgment (No. 254) is granted as to Counts four and seven on the ground that General Statutes § 52-102 prohibits the citing in of an otherwise immune party for apportionment purposes, and denied as to Counts five, six, and eight on the ground that there are disputed issues of material fact that must be resolved by a finder of fact.
HANDY, J.