# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Dodd,                   :

            Petitioner    :

                             :

        v.                 :   No. 1065 C.D. 2020

                             :   Submitted:  April 16, 2021

Pennsylvania Parole Board,    :

            Respondent   :


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON             FILED:  July 16, 2021


Eric Dodd (Dodd) petitions this Court for review of an October 1, 2020 Order of the Pennsylvania Parole Board (the Board) denying his administrative appeal of the Board's March 6, 2020 decision to revoke his parole and recommit him to a state correctional institution (SCI) to serve 12 months' backtime.  Dodd is represented by Michael Halkias, Esq. (Counsel)[1] in this matter, but Counsel now petitions this Court to withdraw his appearance on behalf of Dodd.  Counsel submits to this Court a no-merit letter,[2] asserting that Dodd's Petition for Review (Petition)

---

[1] Per his no-merit letter to the Court, dated January 15, 2021, Counsel is the Chief Public Defender of Cumberland County.  Counsel's No-Merit Letter, 01/15/2021.

[2] The Supreme Court of Pennsylvania has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from

lacks merit. Upon review, we grant Counsel's Application to Withdraw as Counsel (Application) and affirm the Board's order.

## I.      Background

Dodd is an inmate currently incarcerated at SCI-Camp Hill. Petition ¶2. On April 16, 1984, Dodd was sentenced to a 15- to 30-year sentence on several charges, including: two counts of robbery with serious bodily injury; two counts of kidnapping; two counts of burglary; conspiracy to commit robbery with serious bodily injury; false imprisonment; and conspiracy to commit burglary. Certified Record (C.R.) at 1-8. Dodd's original minimum and maximum sentence dates were October 1, 1998, and October 1, 2013, respectively. *Id.* at 1.

During his most recent period of reparole, Dodd was released on April 12, 2017, after being recommitted as a technical parole violator (TPV). *Id.* at 9-12. On April 11, 2017, prior to his release on parole, Dodd signed conditions governing his parole, advising that

> [i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

*Id.* at 13-15. Dodd did not raise any objections to the credit forfeiture provision at the time of his parole. *Id.*

Dodd was released to an approved home plan at the Gaudenzia Sienna House on April 12, 2017, at which time his original maximum sentence date was

---

representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

October 18, 2020. *Id.* at 6-7, 12. On September 21, 2018, Dodd was declared delinquent after leaving the approved home plan without permission and without providing his whereabouts. *Id.* at 17-18, 22. He was subsequently arrested on January 11, 2019, during a traffic stop. *Id.* at 27. The Board lodged its warrant to commit and detain him on January 11, 2019, and provided Dodd with a notice of TPV charges and the scheduling of a preliminary hearing for these charges on January 15, 2019. *Id.* at 22. Dodd waived his right to a violation hearing on January 15, 2019, and admitted to violating conditions of his parole, including change of residence without permission, use of drugs, and failure to comply with field-imposed special conditions. *Id.* at 20-21.

Following the votes of the Board's Hearing Examiner and Board Member, in a decision mailed on February 26, 2019, the Board recommitted Dodd as a TPV to serve six months' backtime in an SCI/Contracted County Jail. *Id.* at 54-56. Dodd was ordered to be automatically reparoled no later than July 11, 2019, and as a result of his delinquency, his maximum sentence date was extended to February 7, 2021. *Id.* at 52, 54-56.

While serving his recommitment backtime, Dodd was arrested on February 27, 2019, by the Lower Paxton Police Department for several charges associated with an incident that occurred on November 27, 2018: robbery; retail theft; and recklessly endangering another person. *Id.* at 32-39, 58-61. The Dauphin County Court of Common Pleas set bail at $150,000 on February 27, 2019; however, Dodd did not post bail. *Id.* at 100. A memo was sent by Dauphin County to the Board on April 5, 2019, asking whether the Board wanted to detain Dodd pending the disposition of his new criminal charges. *Id.* at 71. Utilizing its warrant to commit and detain, previously issued on January 11, 2019, the Board members voted on

3

April 10, 2019, and April 12, 2019, to detain Dodd pending the disposition of his new criminal charges. *Id.* at 71-72.

On November 20, 2019, Dodd was found guilty of retail theft and recklessly endangering another person before the Dauphin County Court of Common Pleas, which sentenced him to nine months to two years of confinement in an SCI. *Id.* at 97-98, 101, 103. The Board provided Dodd with a notice of charges and the scheduling of a parole revocation hearing on December 18, 2019, and on the same day, he waived his right to a revocation hearing and to counsel and admitted to his new convictions. *Id.* at 122-24. In a decision mailed on March 12, 2020, the Board recommitted Dodd as a convicted parole violator (CPV) for 12 months as a result of his most recent offenses. *Id.* at 137-38. Dodd was awarded credit for time spent at liberty on parole, or "street time." *Id.* at 125-32.

As a result of his recommitment as a CPV, Dodd's maximum sentence date was changed from October 18, 2020, to October 31, 2021. *Id.* at 135, 137-38. The Board determined Dodd's original sentence maximum date as follows. When Dodd was paroled from his sentence on April 12, 2017, his original sentence maximum date was October 18, 2020. *Id.* at 12. When he was paroled, Dodd owed 1,285 days toward his original sentence. However, the Board decided to award him credit for his street time from April 12, 2017 (parole date), to September 21, 2018 (delinquency date). *Id.* at 135. Additionally, Dodd was awarded 47 days of backtime served credit, i.e., the time that Dodd was held solely on the Board's warrant prior to the recommitment order, from January 11, 2019 (Board warrant date), to February 27, 2019 (arrest date). *Id.* Thus, Dodd owed a total of 711 days (1,285 days – 527 days – 47 days = 711 days). The Board used November 20, 2019, the sentence date, as Dodd's custody for return date. Adding 711 days to November

4

20, 2019, results in Dodd's recalculated maximum sentence date of October 31, 2021. *Id.*

Dodd filed an Administrative Remedies Form with the Board, mailed twice on March 20, 2020, and March 24, 2020, challenging the Board's recalculation of his maximum sentence date. *Id.* at 139-48. The Board responded to Dodd's challenge on October 1, 2020, explaining how Dodd's maximum sentence date was calculated, affirming the Board's decision mailed to Dodd on March 12, 2020. *Id.* at 157-58. Dodd now petitions this Court for review.[3]

Following the filing of Dodd's Petition, Counsel filed his Application with this Court on January 19, 2021. In a no-merit letter dated January 15, 2021, Counsel explained to Dodd that no basis exists for his present appeal. This Court issued an Order on January 19, 2021, stating that Counsel's Application will be considered along with Dodd's Petition.

## II.   Discussion

### A. Counsel's No-Merit Letter

Our Supreme Court has held that in matters involving underlying criminal proceedings, including parole calculation, as in the present case, counsel may submit a "no-merit" letter detailing the nature and extent of his review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. *Turner*, 544 A.2d at 928-29. On January 19, 2021, Counsel filed his Application with this Court accompanied by the no-merit letter addressed to Dodd and dated January 15, 2021. Counsel also filed a Certificate of

---

[3] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee were violated. *Detar v. Pa. Bd. of Prob. & Parole*, 890 A.2d 27 (Pa. Cmwlth. 2006).

Service with the Court on January 21, 2021, indicating that the no-merit letter had been sent to Dodd via first-class mail.[4]

In Counsel's no-merit letter, Counsel concludes that there is no legal basis for Dodd to challenge the determination of the Board recalculating his maximum sentence date. Specifically, Counsel states that the Board did not err in awarding Dodd 47 days of backtime because this properly accounts for the period from January 11, 2019 to February 27, 2019, when Dodd was under presentence confinement before his formal arrest on his Dauphin County charges. Thus, in Counsel's view, the Board appropriately recalculated Dodd's maximum sentence date.

Citing *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), in his no-merit letter, Counsel explains that our Supreme Court held that when a parolee is "in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." However, the *Gaito* Court explained further that when "a defendant . . . remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* Thus, when a parolee is detained on both a detainer and new charges but fails to post bail, only the new sentence is credited.

---

[4] In *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985), this Court established technical requirements that must be satisfied in order to successfully withdraw as counsel. The withdrawing counsel must notify the parolee of counsel's request to withdraw, furnish the parolee a copy of a no-merit letter, and advise the parolee of his right to retain new counsel, or raise any points he may deem worthy of consideration. *Id.* In the present case, we determine Counsel satisfied these requirements. *See* Appl. to Withdraw as Counsel, 01/19/2021.

6

Counsel asserts that *Gaito* describes Dodd's situation in relation to his Dauphin County charges. Between the dates of Dodd's arrest and sentencing on his Dauphin County charges, Dodd was held on both the Board's detainer and the Dauphin County charges for which he did not meet the bail requirements. The Board credited Dodd's sentence with 47 days of backtime for the period when Dodd was held solely on the Board's detainer for his parole delinquency until his arrest on new charges. As a result, Counsel contends that Dodd's claims of miscalculation of his new maximum sentence date by the Board are without merit.

In reviewing Counsel's no-merit letter, he addresses Dodd's issue before this Court, namely a challenge to the Board's calculation of his new maximum sentence date, in full, with citation to legal authority. Within the letter, Counsel also informs Dodd of his Application with this Court and of Dodd's right to retain new counsel and his ability to raise any new points before this Court that he deems worthy of consideration. Therefore, in consideration of the requirements to withdraw as counsel, as described by *Turner* and *Craig*, we determine that Counsel has met his burden and grant his Application.

**B. Dodd's Petition**

In his Petition, Dodd requests that this Court reverse the determination of the Board denying his administrative appeal and grant him such relief as may be proper under the circumstances. In support of his belief that the Board erred in making its determination, Dodd states:

> [Dodd] was detained on both a parole detainer and bail on his new criminal case but did not receive credit based on his parole detainer and as such his maximum date was erroneously calculated.

Petition ¶6.A. Dodd describes, in his brief to this Court in support of his Petition, that "[he] has been in the custody of the Pennsylvania Department of Corrections

since his arrest on January 11, 2019, as a [TPV] and [CPV], with only partial credited allocated incarcerated time from January 11, 2019 thru [sic] April 23, 2019." Dodd's Br. at 8.

Upon evaluating Dodd's filings with this Court, Dodd's primary complaint regarding the Board's calculation of his new maximum sentence date is tied to his arrest on February 27, 2019, for his Dauphin County charges while he was serving his recommitment backtime as a TPV. Dodd believes that he should be credited on his original sentence for the time he was held between his arrest and his sentencing on his Dauphin County charges. While the Board credited Dodd's sentence for the 47-day period where he was being held solely on the Board's detainer, Dodd asserts that the entirety of his presentence incarceration should be credited to his original sentence.

However, Dodd's reasoning is in direct contradiction with our Supreme Court's holding in *Gaito*. "The general rule governing the allocation of credit for time served awaiting disposition of new criminal charges was established by our Supreme Court in *Gaito*." *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). "If a defendant . . . remains incarcerated prior to trial because he has failed to satisfy bail requirements on [] new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito*, 412 A.2d at 571. The Dauphin County Court of Common Pleas set bail at $150,000 on February 27, 2019. C.R. at 100. Dodd did not satisfy these bail requirements, and, therefore, he remained incarcerated pending his trial on the Dauphin County charges. Dodd neglects the distinction between instances where a parolee meets bail requirements on new charges and where a parolee does not meet such requirements. As Dodd is a parolee of the latter category, per our Supreme Court, he was not eligible to receive

8

credit on his original sentence for the time he was held prior to sentencing solely on his Dauphin County charges. Therefore, the Board did not err or abuse its discretion in recalculating Dodd's maximum sentence date as October 31, 2021, and by only awarding backtime for the time Dodd was held prior to sentencing on both the Board's detainer and his Dauphin County charges.

## III. Conclusion

For the aforementioned reasons, we grant Counsel's Application and affirm the Board's Order.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Dodd,                              :
                    Petitioner          :
                                        :
          v.                            :     No. 1065 C.D. 2020
                                        :
Pennsylvania Parole Board,              :
                    Respondent          :

# **O R D E R**

**AND NOW**, this 16th day of July 2021, we **GRANT** Michael Halkias, Esq.'s Application to Withdraw as Counsel and **AFFIRM** the October 1, 2020 Order of the Pennsylvania Parole Board.

_____
J. ANDREW CROMPTON, Judge