# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Smith,                :
          Petitioner      :
                           :
        v.              :   No. 992 C.D. 2015
                           :   Submitted:  April 15, 2016
The Pennsylvania Department of  :
Corrections and The Pennsylvania  :
Board of Probation and Parole,   :
          Respondents  :

**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
              **HONORABLE PATRICIA A. McCULLOUGH, Judge**
              **HONORABLE DAN PELLEGRINI, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED:  July 11, 2016**

Petitioner Carlos Smith (Smith) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Smith's administrative appeal of the Board's December 11, 2014 order, which formally recommitted Smith as a convicted parole violator and recalculated his maximum release date.  Smith's counsel, Richard B. Henry, Esquire (Counsel), filed a petition for leave to withdraw as counsel and an "Anders Brief."  Counsel asserts that Smith's petition for review is frivolous and/or lacking in merit.[1]  We deny

---

[1] Counsel included a request for a stay pending the resolution of his petition for leave to withdraw.  Because we believe that it is unnecessary for the orderly disposition of the petition to withdraw and the petition for review to enter a stay in this matter, we will deny that request.

Counsel's request for leave to withdraw as counsel, but will provide Counsel with an opportunity to submit an amended request for leave to withdraw.[2]

When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[3] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole and probation matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

---

[2] Because we are denying Counsel's petition, but permitting him to file an amended no-merit letter, we will not provide a recitation of the facts involved in this matter, other than to note generally that Smith was on parole when he was arrested and charged with new crimes in October 2012. The Board lodged a warrant to commit and detain Smith at that time. Smith did not post bail on the new criminal charges.

[3] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pennsylvania Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). However, in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The record in this matter contains no suggestion by Smith that he did not commit the crime for which he received a new criminal conviction, nor does Smith suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Smith only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).  Counsel, therefore, could have simply filed a no-merit letter in seeking to withdraw his representation of Smith, but we may nevertheless proceed to consider his request to withdraw as counsel based upon his evaluation of the merits of Smith's appeal, as set forth in his brief as if he had simply filed a no-merit letter.

In order to satisfy the procedural requirements associated with no-merit letters, counsel must:  (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[4]  *Reavis v. Pennsylvania Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter:  (1) the nature and extent of counsel's review of the case; (2) *the issues the parolee wants to raise*; and (3) *the analysis counsel used*

---

[4] Counsel served Smith with his petition for leave to withdraw and his brief.  In a letter addressed to Smith, Counsel advised Smith of his right to retain counsel and to file a brief on his own behalf.  Thus, Counsel has complied with these requirements.

*in reaching his conclusion that the issues are meritless.* *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Therefore, before we may consider whether Smith's appeal has no merit and proceed to make an independent review of the merits of the case, we must first evaluate Counsel's brief (as a "no-merit" letter) to determine whether it complies with the requirements for withdrawal applications. Counsel's brief includes a brief summary of Smith's parole and his history of convictions following the grant of parole. With regard to the issues Smith has raised, we note that Smith asserted in both his administrative appeal and his petition for review that the Board's controlling statutory and regulatory provisions, as applied, result in a violation of his constitutional rights and improperly alter the sentences that were imposed upon him for his convictions. The Board did not address the constitutional claims in its decision.

Counsel, however, essentially only argues that the Board's determination is supported by its governing statutory provisions. Counsel does not address the constitutional issues Smith raised. Additionally, Smith raised specific claims regarding a period of five months during which he was held pursuant to the Board's detainer and for which the Board did not allocate credit to Smith's original sentence. The record makes clear that Smith did not post bail, which may support the Board's decision to deny credit for that period, but Counsel must provide factual details and legal discussion on such issues, even if the reason that supports the Board's decision is widely known and patently obvious. This type of explanation and/or discussion assists the Court in its evaluation of the merit (or lack thereof) of Smith's claims regarding discrete time periods. Although all of these issues may ultimately prove to lack merit of any kind, in order to satisfy the

4

requirements set forth in *Zerby*, Counsel was required to address those issues. Consequently, we will deny Counsel's petition for leave to withdraw as counsel. Counsel has two options. Counsel may file an amended no-merit letter that addresses and analyzes all of the issues Smith has raised, including the constitutional issues. Alternatively, Counsel may submit a brief on the merits of the petition for review.[5]

Accordingly, we deny Counsel's petition for leave to withdraw.

_____
P. KEVIN BROBSON, Judge

---

[5] We also note that after Counsel served Smith with notice that he was seeking leave to withdraw as counsel, Smith filed a brief on the merits and the Board filed a brief in response to Smith's brief. This Court issued an order directing that the Court would address the merits as well as the leave petition for to withdraw. Because we have concluded that Counsel did not satisfy the requirements for withdrawing as counsel, we do not yet reach the merits of the matter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Smith, : 
                     Petitioner : 
             : 
          v. :    No. 992 C.D. 2015
             : 
The Pennsylvania Department of : 
Corrections and The Pennsylvania : 
Board of Probation and Parole, : 
               Respondents : 

## O R D E R

AND NOW, this 11th day of July, 2016, the petition for leave to withdraw as counsel, filed by Richard B. Henry, Esquire (Counsel), is DENIED. Counsel's request for a stay, contained within the petition for leave to withdraw, is similarly DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Carlos Smith within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Petitioner's *pro se* brief shall be deemed stricken and Respondents may submit a revised brief, at their discretion, but must do so within thirty days of the date Counsel files a brief on the merits.

_____
P. KEVIN BROBSON, Judge