# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Scantling, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2701 C.D. 2015 |
| | : | Submitted: June 24, 2016 |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  September 15, 2016**


Petitioner Thomas Scantling (Scantling) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Scantling's administrative appeal of the Board's August 14, 2015 order, which formally recommitted Scantling as a convicted parole violator and recalculated his maximum release date.  Scantling's counsel, Nicholas E. Newfield, Esquire (Counsel), filed a motion for leave to withdraw as counsel.  Counsel asserts that the issues raised by Scantling in his petition for review are frivolous and lacking in any merit.  We now deny Counsel's motion for

leave to withdraw and provide Counsel with an opportunity to submit an amended request for leave to withdraw.[1]

When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[2] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole and probation matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

---

[1] Because we are denying Counsel's petition but permitting him to file an amended no-merit letter, we will not provide a recitation of the facts involved in this matter, other than to note generally that Scantling was on parole when he was arrested and charged with new crimes in August 2014. The Board lodged a warrant to commit and detain Scantling at that time.

[2] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pennsylvania Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). However, in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The record in this matter contains no suggestion by Scantling that he did not commit the crime for which he received a new criminal conviction, nor does Scantling suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Scantling only has a statutory right to counsel under Section 6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[3] *Reavis v. Pennsylvania Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Consequently, before considering whether Scantling's appeal has no merit and proceeding to make an independent review of the merits of the case, we

---

[3] Counsel served Scantling with his petition for leave to withdraw and his brief. In a letter addressed to Scantling, counsel advised Scantling of his right to retain counsel and to file a brief on his own behalf. Thus, counsel has complied with these requirements.

must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications. Counsel's no-merit letter adequately summarizes Scantling's conviction and parole history and his conviction following the grant of parole. In his administrative appeal, Scantling alleged that the Board failed to conduct a timely revocation hearing and improperly relied on hearsay evidence in finding that Scantling violated his parole. (C.R. at 97.) Further, Scantling argued that the Board erred in its calculation of his maximum date. (*Id.*) Specifically, Scantling alleged that the Board failed to give him credit for time served due to the Board's detainer, where Scantling was granted unsecured bail on his most recent charges. (*Id.*)

Counsel, however, does not adequately address the issues raised by Scantling. Regarding the timeliness and hearsay issues, Counsel, in his no-merit letter, stated the following:

> You allege that the Board failed to conduct a timely revocation hearing in the above matter; and the Board improperly relied upon hearsay and/or other inadmissible evidence in relation to the revocation hearing that was held. The Board's [r]evocation hearing was held on May 15, 2015. You alleged that the conviction date on the new offense, DUI, was November 13, 2104 (sic). Review of said record indicates that the (sic) you were sentenced by the Philadelphia Municipal Court on February 24, 2015. The effective date of this sentence as indicated in the sentence as February 24, 2015, with immediate parole to follow. Thus the minimum sentence of 72 hours would have been completed on February 27, 2015. At the [r]evocation hearing you alleged that the conviction date was November 13, 2014, which appears to be the date that the plea was entered, in which the Philadelphia Municipal Judge ordered a presentence investigation be prepared to assist in sentencing that was scheduled on February 24, 2015.

4

> Once again, through counsel, you objected to the timing of the revocation hearing. It appears from the reproduced record that the appropriate documentation was presented at the revocation hearing to support the conviction. The parole agent provided testimony that the verification was not received until April 27, 2015. Furthermore, you acknowledged the conviction at the revocation hearing.

(No-merit letter at 1-2; Internal citations omitted).

Counsel references Scantling's claims of error but merely alludes that those claims of error are without merit. Counsel provided factual details surrounding Scantling's claims, yet did not provide a legal discussion citing case law or statutory provisions that would deem Scantling's claims to be meritless. This legal discussion is required of Counsel, even if the reason that supports the Board's decision is widely known and patently obvious. This type of explanation and/or discussion assists the Court in its evaluation of the merit (or lack thereof) of Scantling's claims regarding timeliness and the Board's improper reliance on hearsay evidence. Although all of these issues may ultimately prove to lack merit of any kind, in order to satisfy the requirements set forth in *Zerby*, Counsel was required to fully discuss those issues and why the applicable law does not provide relief to Scantling. Consequently, we must deny Counsel's petition for leave to withdraw as counsel. Counsel has two options. Counsel may file an amended no-merit letter that fully analyzes the issues Scantling has raised. Alternatively, Counsel may submit a brief on the merits of the petition for review.

Accordingly, we deny Counsel's petition for leave to withdraw.

_____
P. KEVIN BROBSON, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Scantling, : 
               Petitioner : 
                : 
        v. :   No. 2701 C.D. 2015
                : 
Pennsylvania Board of : 
Probation and Parole, : 
               Respondent : 

## O R D E R

AND NOW, this 15th day of September, 2016, the motion for leave to withdraw as counsel filed by Nicholas E. Newfield, Esquire, is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Thomas Scantling within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a revised brief, at its discretion, but must do so within thirty days of the date Counsel files a brief on the merits.

—————————————————
P. KEVIN BROBSON, Judge