# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey London, : 
                Petitioner : 
                      : 
       v.                  :   No. 1109 C.D. 2017
                      :   Submitted: January 19, 2018
Pennsylvania Board of : 
Probation and Parole, : 
                Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: June 4, 2018**

Petitioner Casey London (London) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied London's administrative appeal of a Board order mailed on July 8, 2014, which formally recommitted London as a convicted parole violator and recalculated her maximum release date. London's appointed counsel, Allison J. Rice, Esquire (Counsel), however, filed a motion to withdraw as counsel. Counsel asserts, as expressed in her "no-merit" letter, that the issues London raises in her petition for review are without merit. We deny Counsel's request for leave to withdraw as

counsel, but the Court will provide Counsel with an opportunity to submit an amended request for leave to withdraw.[1]

When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[2] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that [s]he has not committed the alleged violation of the conditions upon which [s]he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The record in this matter contains no suggestion by London that she did not commit the

---

[1] Because we are denying Counsel's petition, but permitting her to file an amended no-merit letter, we will not provide a recitation of the facts involved in this matter, other than to note generally that London was on parole when she was arrested and charged with new crimes in April 2016. The Board lodged a warrant to commit and detain London at that time.

[2] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing her client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), however, our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from her representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

crime for which she received a new criminal conviction, nor does London suggest any reasons constituting justification or mitigation for her new criminal conviction. Thus, London only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that she has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that she has the right to obtain new counsel and to submit to the Court a brief of her own, raising any arguments that she may believe are meritorious.[3] *Reavis v. Pennsylvania Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching her conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Therefore, before we may consider whether London's appeal has no merit and proceed to make an independent review of the merits of the case, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications. In her petition for review, London challenges the Board's decision to impose six months of backtime for her most recent criminal conviction. London argues that this imposition violates her

---

[3] Counsel served London with her petition for leave to withdraw and her no-merit letter. In a letter addressed to London, Counsel advised London of her right to retain counsel and to file a brief on her own behalf. Thus, Counsel has complied with these requirements.

constitutional rights. To that end, Counsel's no-merit letter provides the following discussion:

> Upon my review of the underlying certified record in this case and other documents mailed to my office in relation to this matter, I made note that the Board of Probation and Parole's decision was mailed to you on July 8, 2014. You only had until August 7, 2014, to file an appeal in regards to this decision and you did not do so. Pursuant to 37 Pa. Code § 73.1, any appeals must be received at the Board's Central Office within **thirty (30) days** of the mailing date of the Board's order. Since you only had thirty (30) days from July 8, 2014, to file an appeal, and no appeal was filed within the required time frame, the Commonwealth Court will dismiss your appeal as not being timely filed. As such, the Court will not even consider reaching a decision regarding the merits of your claims.

(No-Merit Letter, dated October 9, 2017 (emphasis in original).)

Here, Counsel's no-merit letter fails to meet the requirements set forth in *Zerby*. Notably, Counsel fails to provide any form of a brief summary of London's parole and conviction history. Further, Counsel does not make any mention of the issues London sought to raise on appeal. Instead, Counsel only argues that London's challenge to the Board's determination is time-barred.[4] While Counsel's conclusion may be correct, Counsel must provide factual details and legal discussion on issues raised, even if the reason that supports the Board's decision is widely known and patently obvious. This type of explanation and/or discussion assists the Court in its evaluation of the merit (or lack thereof) of London's claims. Although all of these issues may ultimately prove to lack merit of any kind, in order to satisfy the requirements set forth in *Zerby*, Counsel was required to address those issues. Consequently, we will deny Counsel's petition for leave to withdraw as counsel.

---

[4] We note that the Board has not filed an application to quash the appeal or otherwise challenged the timeliness of the appeal to date.

4

Counsel now has two options. Counsel may file an amended no-merit letter that addresses and analyzes all of the issues London has raised, including the constitutional issues. Alternatively, Counsel may submit a brief on the merits of the petition for review.

Accordingly, we deny Counsel's petition for leave to withdraw.

 

_____

P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Casey London,                              :
                 Petitioner          :
                                  :
           v.                              :  No. 1109 C.D. 2017
                                  :
Pennsylvania Board of              :
Probation and Parole,              :
                 Respondent         :

**O R D E R**

AND NOW, this 4th day of June, 2018, the petition for leave to withdraw as counsel, filed by Allison J. Rice, Esquire (Counsel), is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Casey London within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a revised brief, at its discretion, but must do so within thirty days of the date Counsel files a brief on the merits.

_____

P. KEVIN BROBSON, Judge