IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oris A. Barner Jr.,                         :
               Petitioner          :
                               :
     v.                                      :   No. 795 C.D. 2022
                               :
Pennsylvania Parole Board,                  :
               Respondent          :   Submitted: May 19, 2023

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                          FILED: July 25, 2023

Petitioner Oris A. Barner, Jr., petitions this Court for review of a June 2, 2022 order by Respondent Pennsylvania Parole Board (Board) affirming the Board's May 5, 2022 decision that recommitted Barner as a convicted parole violator and assigned him a parole violation maximum date of July 6, 2023. Barner, who has not submitted a brief to this Court, argues that the Board erred by failing to grant him all due credit for time spent in custody. Also before this Court is an Application for Withdrawal of Appearance (Withdrawal Application), submitted by David Crowley, Esq. (Counsel), Barner's court-appointed attorney. Therein, Counsel contends that the issues raised in Barner's Petition for Review are without merit. After review, we grant the Withdrawal Application and affirm the Board's order.

## I. Background

Following his conviction of narcotics offenses, Barner was sentenced on January 17, 2014, to a period of imprisonment not to exceed five years and six

months. Certified Record (C.R.) at 1. Barner was paroled on April 24, 2017, and informed that, if he was convicted of another crime while on parole, the Board maintained the authority to recommit him to the balance of the sentence which he had been serving, with no credit for time at liberty on parole. *Id.* at 8. Barner absconded from supervision on April 11, 2018, and was declared delinquent by the Board as of that date. *Id.* at 13. On April 24, 2018, Barner was arrested by Easton Police on suspicion of committing new criminal offenses. *Id.* at 22.

On March 12, 2019, the Board issued an arrest warrant for Barner, who was still absconded from supervision. *Id.* at 14. The record indicates that Barner was detained on the Board's warrant from March 12, 2019, until March 28, 2019. *Id.* at 116. On the latter date, Northampton County authorities continued to detain Barner in connection to criminal charges stemming from his April 24, 2018 arrest. *Id.* at 56. Due to the new criminal charges, the Board recommitted Barner as a technical parole violator on April 11, 2019. *Id.* at 51. Accordingly, Barner was informed that his parole violation maximum date was extended to January 16, 2020, subject to further extension if the latest charges resulted in conviction. *Id.* at 52. On January 16, 2020, upon the expiration of the Board's detainer, Barner remained incarcerated due to the Northampton County charges. *Id.* at 94.

On August 25, 2021, following guilty pleas, Barner was sentenced in Northampton County to a period of imprisonment not to exceed seven years and six months.[1] *Id.* at 111. Accordingly, the Board recommitted Barner as a convicted parole violator to serve his unexpired term as of September 29, 2021, the date on which it issued a new detainer warrant for Barner. *Id.* at 113. In a subsequent decision, the Board set Barner's parole violation maximum date to July 6, 2023,

---

[1] Barner was additionally sentenced to 18 to 60 months' imprisonment for a separate conviction, to be served consecutively. C.R. at 60.

giving Barner just 16 days of confinement credit.[2]  Barner was informed that he would not be awarded any credit for time at liberty on parole, because his new convictions were similar to his original charges, and because he had absconded while on parole.  *Id.* at 112.  Additionally, Barner's sentence for the Northampton County convictions would not begin until the July 6, 2023 completion of his prior sentence.[3]

Barner timely filed an administrative appeal of the Board's determination on May 23, 2022.  *Id.* at 114.  The Board affirmed its decision in a response mailed on June 1, 2022.  *Id.* at 116.   Therein, the Board explained that, when Barner was paroled on April 24, 2017, 661 days of his original sentence remained.  *Id.*  When Barner returned to custody on March 12, 2019, he was only detained for the following 16 days in connection to the Board's warrant.  *Id.*  From March 28, 2019 until April 11, 2019, Barner was incarcerated due to the Northampton County charges.  *Id.*  From April 11, 2019, until January 16, 2020, Barner was incarcerated in connection with his technical violations, a period which also was not to be credited to his original sentence.  *Id.*  at 116-17.  Thus, the Board explained, 645 days of imprisonment were properly imposed on Barner due to his previous sentence, resulting in a new maximum date of July 6, 2023.[4]  *Id.* at 117.

---

[2] The 16 days of credit correspond to the period of detention following the issuance of the Board warrant on March 12, 2019, until March 28, 2019, the date on which Barner continued to be detained in lieu of bail on the charges stemming from his April 24, 2018 arrest.  C.R. at 49.

[3] Section 6138(a)(5)(i) of the Prisons and Parole Code provides that, if a new sentence is imposed on an offender, "the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed . . . [i]f a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution."  61 Pa.C.S. § 6138(a)(5)(i).

[4] It should be noted that, pursuant to *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000), "the expiration of a parolee's maximum term **(Footnote continued on next page…)**

On July 21, 2022, Barner petitioned this Court for review of the Board's decision. In an August 12, 2022 order, we appointed Counsel to represent Barner. Counsel then filed an Amended Petition for Review on Barner's behalf on September 12, 2022. Therein, Barner maintained that the Board erred when it "failed to credit [his] original sentence with all the time to which he was entitled." Am. Pet. for Review ¶ 7.

Counsel filed his Withdrawal Application on December 27, 2022. Therein, Counsel averred that he had reached the "unfortunate conclusion that [Barner's] appeal is without merit." Withdrawal Application (App.) ¶ 2. Counsel also certified that he informed Barner of his intent to withdraw, and advised him "of his right to retain new counsel or raise any points that he might deem worthy of consideration." *Id.* ¶ 3. A copy of the Withdrawal Application was served upon Barner via first-class mail, pursuant to Rule of Appellate Procedure 121(c)(2).[5] *See* Certificate of Service, 12/29/2022. Alongside the Withdrawal Application, Counsel also submitted a so-called *Turner* letter to this Court,[6] in which he explained his conclusion "that there exists no legal basis to challenge the Board determinations."

renders an appeal of a Board revocation order moot." However, since Barner is currently completing his sentence on the Northampton County charges, and the issues raised here may affect his new maximum date in the future, the passing of Barner's July 6, 2023 maximum date does not render the instant matter moot. *See Mesko v. Pa. Bd. of Prob. and Parole*, 245 A.3d 1174, 1178 n.5 (Pa. Cmwlth. 2021) (explaining that the appeal of a Board order "is not rendered moot" by the expiration of a parolee's maximum term, where "the issues raised . . . may affect his new maximum date on [new] charges in later proceedings").

[5] Rule 121(c)(2) provides that service may be by first class, express, or priority United States Postal Service mail, and that the service is "complete upon mailing." Pa.R.A.P. 121(c)(2).

[6] Pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), an attorney may seek to withdraw from representation of a parole violator through the issuance of a letter explaining that the violator's case "lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. and Parole*, 237 A.3d 1203, 1204 (Pa. Cmwlth. 2020).

4

*Turner* Letter at 1.  Counsel certified that a copy of the *Turner* letter, too, was served upon Barner via first-class mail.  *See* Certificate of Service, 12/27/2022.

Upon consideration of Counsel's Withdrawal Application, this Court issued an order dated January 6, 2023, directing Barner either to obtain substitute counsel at his own expense or to file a brief on the merits of the Amended Petition for Review on his own behalf.  We also directed Counsel to serve a copy of the order upon Barner.  Accordingly, Counsel filed a certificate of service confirming that he had served a copy of the order upon Barner via first class mail.  We issued an additional order on May 22, 2023, in which we directed the parties to submit briefs on the Withdrawal Application as well as on the merits of Barner's appeal.  As of the date of this opinion, Barner has still not submitted a brief to this Court.[7]

## II.  Discussion

### A.  The Withdrawal Application and *Turner* Letter

Before addressing the merits of Barner's arguments,[8] we must first determine the validity of Counsel's Withdrawal Application.  Because Counsel concluded that the sole issue in Barner's appeal (that is, whether the Board erred in recalculating Barner's maximum date) was without merit, Counsel properly elected to file the Withdrawal Application along with a *Turner* letter.  In the later document, court-appointed counsel who seeks to withdraw must detail the nature and extent of counsel's review, list each issue that would be raised, and explain why the issues are

---

[7] In addition, the Board has not submitted a brief or other document supporting its determination.

[8] Our standard of review in the context of Board decisions is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law and whether the Board's findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

lacking in merit. *Turner*, 544 A.2d at 928-929. Counsel must then comply with the technical requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985): counsel must notify the client of his request to withdraw, provide the client with a copy of his *Turner* letter, and advise the client of his right to retain new counsel or raise any points he may deem worthy of consideration. *Id.* If the court agrees with counsel's assessment of the issues after its own, independent review, counsel will be permitted to withdraw. *Turner*, 544 A.2d at 929.

In this case, the *Turner* letter presented by Counsel to this Court outlines the issue raised in Barner's appeal, and explains Counsel's conclusion that the issue is without merit. Counsel also certifies that he has notified Barner of his intent to withdraw, furnished Barner with a copy of his *Turner* letter, and advised him of the right to retain new counsel or raise any points he may deem worthy of consideration, pursuant to *Craig*. Counsel's Withdrawal Application and *Turner* letter therefore meet the relevant requirements. Thus, before we grant the Withdrawal Application, it becomes this Court's responsibility to examine the proceedings and make an independent judgment as to whether the appeal itself is lacking in merit.

## B. The Amended Petition for Review

In *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), our Supreme Court adopted the rule that, "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." The *Gaito* rule further provides that, if the defendant "remains incarcerated because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be

6

credited to his new sentence." *Id.* By the same token, the Board may not apply credit to the defendant's original sentence if the defendant is in custody because of his failure to meet bail requirements along with a Board detainer. *Smith v. Pa. Bd. of Prob. and Parole*, 171 A.3d 759, 771 (Pa. 2017).

Instantly, Barner was paroled on April 24, 2017, with 661 days remaining of his prison sentence. C.R. at 8. Having absconded from supervision, Barner was arrested on a Board detainer on March 12, 2019, and remained in custody solely due to that detainer until March 28, 2019. *Id*. at 110. From the latter date until September 29, 2021, Barner remained in custody because of new criminal charges issued in Northampton County. *Id.* The Board then recommitted Barner as a convicted parole violator to the unserved balance of his original sentence as of September 29, 2021. *Id.* at 108. The Board informed Barner that, pursuant to *Gaito*, he was given credit for the 16 days in 2019 that he was in custody solely because of the Board detainer. *Id.* at 117. Accordingly, as of September 29, 2021, Barner was required to serve the 645 remaining days of his original sentence, resulting in a recalculated maximum date of July 6, 2023. *Id*.

Barner maintains that he is entitled to credit not only for the time spent in custody solely on the Board detainer, but also for the time spent in custody on the Northampton County charges.[9] Such an argument is baseless. As explained above, Barner is only entitled to credit for the 16 days he spent in custody solely due to the Board's detainer, not when he was also in custody on the Northampton County charges. Thus, the Board correctly added the unserved balance of Barner's original sentence of 645 days to the date on which he was detained on the new Board warrant.

---

[9] To understand the basis of Barner's appeal in the absence of a brief, we rely in part on the summary of Barner's arguments given in Counsel's *Turner* letter.

7

### III. Conclusion

For the foregoing reasons, we grant Counsel's Withdrawal Application and affirm the Board's June 2, 2022 order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Oris A. Barner Jr.,          :
         Petitioner       :
                               :
      v.                      : No. 795 C.D. 2022
                               :
Pennsylvania Parole Board,     :
         Respondent     :

# **O R D E R**

AND NOW, this 25th day of July, 2023, David Crowley, Esquire's Application for Withdrawal of Appearance is hereby GRANTED, and the June 2, 2022, order of the Pennsylvania Parole Board is AFFIRMED.

_____
ELLEN CEISLER, Judge