# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamel Bleach,                                          :
                              Petitioner               :
                                                       :
              v.                                       :      No. 794 C.D. 2017
                                                       :      Submitted: May 4, 2018
Pennsylvania Board                                     :
of Probation and Parole,                               :
                              Respondent               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: August 8, 2018**


              Petitioner Jamel Bleach (Bleach) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Bleach's petition for administrative relief, in which he sought to challenge the Board's recalculation of Bleach's maximum sentence date following his recommitment as a convicted parole violator. Bleach's counsel, Steven M. Johnston, Esquire (Counsel), filed a petition to withdraw as counsel. Counsel asserts, as expressed in his *Anders*[1]

_____

[1] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief

brief, that the issues Bleach raises in his petition for review are without merit. We now deny Counsel's motion, but we will provide Counsel with an opportunity to submit an amended petition to withdraw as counsel.

Bleach had been incarcerated at a State Correctional Institution when the Board granted him parole by notice dated March 18, 2014. (Certified Record (C.R.) at 101-02.) Bleach was officially released from confinement on April 14, 2014. (*Id.* at 103.) At the time of his parole, Bleach had a maximum sentence date of July 11, 2017. (*Id.* at 102.)

Effective September 16, 2014, the Board declared Bleach delinquent due to violating the conditions of his parole. (*Id.* at 107.) Thereafter, on December 8, 2014, Lackawanna County police arrested Bleach and charged him with, *inter alia*, conspiracy of possession of narcotics with intent to deliver. (*Id.* at 109-11.) The Board then lodged a detainer against Bleach. (*Id.* at 127.) The Board scheduled a detention hearing on Bleach's pending criminal charges, which Bleach waived. (*Id.* at 134.) Further, Bleach admitted to violating the terms of his parole and waived a violation hearing on the matter. (*Id.* at 135.)

By order dated February 5, 2015, the Board recommitted Bleach as a technical parole violator for a period of 6 months pending the disposition of his new criminal charges. (*Id.* at 146-48.) In so doing, the Board recalculated Bleach's

---

"referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

maximum sentence date. After adding 83 days for the time period of Bleach's delinquency, the Board recalculated Bleach's new maximum sentence date as October 2, 2017. (*Id.* at 146, 149.)

Thereafter, Bleach was convicted of conspiracy of possession of narcotics with intent to deliver. By notice dated February 16, 2016, the Board recommitted Bleach as a convicted parole violator for a period of 24 months to be served concurrently with his 6-month recommitment as a technical parole violator. (*Id.* at 181.) By notice dated April 1, 2016, the Board again recalculated Bleach's maximum sentence date as April 23, 2019, and calculated Bleach's parole eligibility date as January 25, 2018. (*Id.* at 183-85.)

Bleach filed a petition for administrative relief with the Board. (*Id.* at 191.) In the petition, Bleach challenged the Board's recalculation of his maximum sentence date. Specifically, Bleach argued that the Board should have credited him for the time period in which he was incarcerated awaiting the disposition of his new criminal charges. (*Id.* at 194-96.) By response with a mailing date of May 17, 2017, the Board denied Bleach's challenge. (*Id.* at 202.) In so doing, the Board reasoned:

> You were released on parole on April 14, 2014, with a maximum sentence date of July 11, 2017. At that point, 1184 days remained on your sentence. You were detained solely by the Board for 1 day from December 8, 2014 to December 9, 2014. You were sentenced on your new criminal charges on January 26, 2016.

> Because you were recommitted as a convicted parole violator, you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). Adding 1183 days (1184-1) to January 26, 2016, results in a parole violation maximum date of April 23, 2019. The period of detention from

3

> December 9, 2016 to January 26, 2016 will be applied to your new sentence upon completion of, or parole from, your original sentence.

(*Id.* at 202.)

Bleach then filed the instant petition for review, arguing that (1) the Board acted capriciously in lodging a detainer against him, (2) the Board erred in removing his street time when recalculating his maximum sentence date, (3) the Board erred in recalculating his maximum sentence date, and (4) the Board deprived him of due process.

Before evaluating the merits of Bleach's challenge, we will first address Counsel's request to withdraw from his representation of Bleach. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief. In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Bleach that he did not commit the crimes for which he received a new criminal conviction, nor does Bleach suggest any reasons to justify or mitigate the parole violation—*i.e.*, his new criminal conviction. Thus, Bleach has only a statutory right to counsel under

4

Section 6(a)(10) of the Public Defender Act.[2] This case, therefore, is one in which a no-merit letter would have satisfied Counsel's responsibilities in seeking to withdraw from his representation of Bleach.

When an attorney files an *Anders* brief "when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010). In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel or to submit to the Court a brief of his own raising any arguments that he may believe are meritorious.[3] *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, an attorney must include the following descriptive information in the no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Counsel's letter includes a summary of Bleach's parole and conviction history, reflecting a thorough understanding of the certified record. Despite this extensive summary, however, Counsel's letter fails to adequately address the issues Bleach sought to raise on appeal. Notably, in addressing a majority of Bleach's challenges, Counsel merely

---

[2] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[3] Counsel served Bleach with his petition for leave to withdraw and his *Anders* brief. By order dated March 6, 2018, this Court explained that Bleach could obtain substitute counsel to file a brief in support of his petition for review or file a brief on his own behalf. Counsel served Bleach with this Court's order. Counsel has, therefore, complied with these requirements.

5

reiterates the Board's response and concludes that the challenge appears to be meritless. While Counsel provided factual details surrounding Bleach's claims, he did not provide a legal discussion citing case law or statutory provisions that would deem Bleach's claims to be meritless. This legal discussion is required of Counsel, even if the reason that supports the Board's decision is widely known and patently obvious. This type of explanation and/or discussion assists the Court in its evaluation of the merit (or lack thereof) of Bleach's claims. Although all of these issues may ultimately prove to lack merit of any kind, in order to satisfy the requirements set forth in *Zerby*, Counsel was required to fully discuss those issues and why the applicable law affords Bleach no relief. Consequently, we must deny Counsel's petition to withdraw as counsel. Counsel has two options. Counsel may file an amended no-merit letter that fully analyzes the issues Bleach has raised. Alternatively, Counsel may submit a brief on the merits of the petition for review.

Accordingly, we deny Counsel's petition to withdraw.


_____
P. KEVIN BROBSON, Judge

6

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jamel Bleach,                                          :
                              Petitioner               :
                                                       :
        v.                                             :    No. 794 C.D. 2017
                                                       :
Pennsylvania Board                                     :
of Probation and Parole,                               :
                              Respondent               :

## **O R D E R**

AND NOW, this 8th day of August, 2018, the motion to withdraw as counsel filed by Steven M. Johnston, Esquire (Counsel), is DENIED. Counsel shall submit either an amended *Anders* brief or no-merit letter or a brief on the merits of the petition for review filed by Petitioner Jamel Bleach within thirty days of the date of this order. If Counsel submits an amended *Anders* brief or no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a brief, at its discretion, but must do so within thirty days of the date Counsel files a brief on the merits.

                                        _____
                                        P. KEVIN BROBSON, Judge