# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin R. Thompson,
                    Petitioner

            v.                                  :   No. 26 C.D. 2018
                                                :   Submitted:  August 10, 2018
Pennsylvania Board of Probation
and Parole,
                    Respondent

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON                         FILED:  November 20, 2018


Petitioner Justin R. Thompson (Thompson) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Thompson's petition for administrative relief, in which he sought to challenge the Board's recalculation of his maximum sentence date.  Thompson's counsel, David Crowley, Esquire (Counsel), filed a petition to withdraw as counsel.  Counsel asserts, as expressed in his "no-merit" letter, that the issues Thompson raises in his petition for review are without merit.[1]  We now deny Counsel's petition to withdraw, but we

---

[1] According to Counsel, "Thompson is in agreement with counsel and the Board that the Board's supplementation of the [certified] [r]ecord on March 19, 2018, has satisfied the Board's obligation to provide him with a contemporaneous reason for denying him credit for his street time under *Pittman v. Pennsylvania* [*Board*] *of* [*Probation*] *& Parole*, 159 A.3d 466 ([Pa.] 2017)."

will provide Counsel with an opportunity to submit an amended petition to withdraw as counsel.

Thompson had been incarcerated at a State Correctional Institution when the Board granted his parole by notice dated December 20, 2010. (Certified Record (C.R.) at 7.) Thompson was officially released from confinement on April 11, 2011. (*Id.*) At the time of his parole, Thompson had a maximum sentence date of September 29, 2017. (*Id.*) On September 18, 2015, the Philadelphia Police Department arrested Thompson and charged him with several offenses related to an incident involving aggravated assault with a handgun. (*Id.* at 15.) The Board scheduled a detention hearing on the pending criminal charges, which Thompson waived. (*Id.* at 24.) Thompson later pled guilty to various charges related to the assault, including possession of a firearm, and was sentenced to a maximum of eight years on one count and a maximum of five years on a second count. (*Id.* at 28.) The Board then recommitted Thompson as a convicted parole violator, by order dated August 17, 2016. (*Id.* at 53-54.) In so doing, the Board recalculated Thompson's maximum sentence date to February 4, 2023. (*Id.* at 55.)

Thompson then filed an administrative appeal from the Board's decision. (*Id.* at 60.) In that appeal, Thompson challenged the Board's revocation of his street time in recalculating his maximum sentence date. (*Id.*) Thompson essentially argues that the Board has no authority to recalculate a judicially imposed sentence. (*Id.* at 62-65.) The Board denied Thompson's administrative appeal, reasoning:

> The Board paroled you from a state correctional institution
> (SCI) on April 11, 2011 with a max date of

---

Counsel's no-merit letter at 1. Regardless, this Court will analyze the issues presented on appeal, because the case has not been withdrawn.

September 29, 2017. This left you with a total of 2363 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). In this case, the board did not award you credit for time at liberty on parole. This means you still had a total of 2363 days remaining on your sentence based on your recommitment.

. . . .

The Prisons and Parole Code[2] provides that convicted parole violators who are paroled from a state correctional institution and then receive another sentence to be served in a state correctional institution must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until August 16, 2016, when the board made their [sic] decision. Adding 2363 days to that date yields a new maximum sentence date of February 4, 2023.

(*Id*. at 71-72.) Thompson then filed a petition for review in this Court.

We begin by addressing Counsel's request to withdraw from his representation of Thompson. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[3] In *Hughes v.*

---

[2] 61 Pa. C.S. §§ 101-6309.

[3] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal

3

*Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Thompson that he did not commit the crimes for which he received a new criminal conviction, nor does Thompson suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Thompson only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[4]

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are

---

proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

[4] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

meritorious.[5]  *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter:  (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).  Consequently, before making an independent review of the merits of the appeal to determine whether Thompson's appeal has no merit, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications.

In his petition for review, Thompson challenged the Board's authority to recalculate a judicially imposed sentence, alleging that the Board's actions extinguish judicial discretion under Section 9721 of the Sentencing Code, 42 Pa. C.S. § 9721(a).[6]  In raising this issue, Thompson develops three specific points, arguing that:  (1) the Legislature's recalculation of the maximum sentence pursuant to Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2),[7]

---

[5] Counsel served Thompson with his petition to withdraw and his no-merit letter.  In a letter addressed to Thompson, Counsel advised Thompson of his right to retain counsel and to file a brief on his own behalf.  Thus, Counsel has complied with these requirements.

[6] Section 9721(a) of the Sentencing Code pertains to sentencing, generally, by a Court.

[7] Section 6138(a) of the Prisons and Parole Code pertains to violation of terms of parole by a convicted parole violator.  Section 6138(a)(2) provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a)(2).

eviscerates the judicial discretion which is provided by the courts pursuant to Section 9721(a) of the Sentencing Code; (2) Section 6138(a)(2) of the Prisons and Parole Code is in direct conflict with Section 6138(a)(5) of the Prisons and Parole Code[8]—which only authorizes service of the term originally imposed—and that Section 6138(a)(2) of the Prisons and Parole Code also violates the separation of powers doctrine; and (3) Section 6138(a)(2) of the Prisons and Parole Code is in direct conflict with Section 5505 of the Judicial Code, 42 Pa. C.S. § 5505.[9]

Counsel's no-merit letter does not meet the requirements set forth in *Zerby*. Counsel does not adequately evaluate each of the points Thompson raises but instead merely glosses over the details of Thompson's arguments. While the letter contains a discussion of the relevant case law concerning the Board's authority to recalculate the sentences of convicted parole violators, this only relates to Thompson's broader claim. Further, the letter briefly discusses the first part of Thompson's second issue, but does not address Thompson's separation of powers argument or the arguments raised in issues one and three. This type of explanation and/or discussion assists the Court in its evaluation of the merit (or lack thereof) of

---

[8] Section 6138(a)(5) of the Prisons and Parole Code provides:

If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

[9] Section 5505 of the Judicial Code pertains to modifications of orders.

6

Thompson's claims. Although all of these issues may ultimately prove to lack merit of any kind, in order to satisfy the requirements set forth in *Zerby*, Counsel was required to fully discuss those issues and why the applicable law affords Thompson no relief. It must also be noted that Counsel does not provide an adequate summary of Thompson's parole and conviction history. Consequently, we must deny Counsel's petition to withdraw as counsel. Counsel has two options. Counsel may file an amended no-merit letter that fully analyzes the issues Thompson has raised. Alternatively, Counsel may submit a brief on the merits of the petition for review.

Accordingly, we deny Counsel's petition to withdraw.


                                       _____

                                       P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin R. Thompson, :
                Petitioner :
                 :
        v. : No. 26 C.D. 2018
                 :
Pennsylvania Board of Probation :
and Parole, :
                Respondent :

## **O R D E R**

AND NOW, this 20th day of November, 2018, the petition to withdraw as counsel, filed by David Crowley, Esquire (Counsel), is DENIED. Counsel shall submit either an amended no-merit letter or a brief on the merits of the petition for review filed by Petitioner Justin R. Thompson within thirty days of the date of this order. If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the petition for review. If Counsel submits a brief on the merits, Respondent may submit a brief within thirty days of the date Counsel files and serves a brief on the merits.

P. KEVIN BROBSON, Judge