IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Garnett Long-Parham,                    :
                    Petitioner          :
                                        :
          v.                            :    No.  151 C.D. 2020
                                        :    Submitted:  August 28, 2020
Pennsylvania Board of                   :
Probation and Parole,                   :
                    Respondent          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                         FILED:  December 18, 2020

          Garnett Long-Parham (Long-Parham) petitions for review of an order
from the Pennsylvania Board of Probation and Parole[1] (Board) affirming the Board's
denial of his Request for Administrative Relief that challenged the revocation of his
parole.  Specifically, Long-Parham asserts that the Board did not have the authority
to forfeit his time at liberty on parole, i.e., "street time," when he was recommitted
as a convicted parole violator (CPV) since it did not do so previously when he was
determined to be a technical parole violator (TPV).  Long-Parham is represented in

          [1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

this matter by Autumn Johnson, Esq. (Counsel),[2] but Counsel now petitions this Court to withdraw her appearance on behalf of Long-Parham. Counsel also submits a no-merit letter[3] to this Court asserting that Long-Parham's Petition for Review (Petition) lacks merit. Upon review, we grant Counsel's request to withdraw her appearance, and we affirm the Board's order.

## I.  Background

Long-Parham was convicted in the Court of Common Pleas of Westmoreland County for a felony drug offense and was sentenced to one year, six months, to three years in a State Correctional Institution (SCI) with a minimum sentence date of June 30, 2011, and a maximum date of December 30, 2012. Certified Record (C.R.) at 1. Long-Parham was released on parole on December 28, 2010. C.R. at 4. He then violated his parole on September 10, 2012, and was subsequently recommitted as a TPV with a new maximum date of March 24, 2013.

---

[2] Counsel is an Assistant Public Defender for the Mercer County Public Defender's Office. *See* Counsel's No-Merit Letter, 06/17/2020.

[3] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing her client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. *Anders*, 386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

C.R. at 27. At that point, Long-Parham's street time was not forfeited. *Id*. However, Long-Parham lost time as a result of being delinquent from September 10, 2012, to December 3, 2012.[4] *Id*.

On January 20, 2015, Long-Parham was convicted in the Court of Common Pleas of Allegheny County for "Corrupt Organizations - Employee,"[5] a felony of the first degree, and was sentenced to 9 to 18 months in the Allegheny County Jail, followed by 4 years of probation. C.R. at 99. Long-Parham admitted to the new conviction and admitted that the corresponding criminal activity occurred while he was delinquent on parole during the same time period associated with the technical parole violation, referenced above, and accordingly, Long-Parham was recommitted as a CPV. C.R. at 187. In an action recorded on September 5, 2019, the Board recommitted Long-Parham to serve 12 months' backtime and did not award him credit for his street time because he "absconded while on supervision." C.R. at 213.

Long-Parham, *pro se*, filed an Administrative Remedies Form, which was marked as received by the Board on November 6, 2019,[6] alleging that the Board failed to award him credit for his street time that it had awarded him previously when he was a TPV and that the Board owed him credit for time served from December 3, 2012 to March 24, 2013. C.R. at 230-34. In a response mailed to Long-Parham

---

[4] Long-Parham had been instructed to report to his parole office on September 10, 2012. He did so, but then absconded. He was instructed to return to the office immediately or a warrant would be issued for his arrest. He failed to do so, and his whereabouts remained unknown until his arrest on December 3, 2012. C.R. at 21.

[5] 18 Pa.C.S. §911(b)(3).

[6] He subsequently filed an "Amendment to Original Filing Petition or Brief," which was received by the Board on December 3, 2019. C.R. at 233-35.

on January 27, 2020, the Board issued an order correcting his maximum sentence date to March 15, 2021. C.R. at 237-38. In its response, the Board denied Long-Parham's request for administrative relief to the extent Long-Parham contended the Board did not have the authority to forfeit his time at liberty as a CPV when it did not forfeit such time during its previous decision relative to his technical parole violation. *Id.* However, the Board granted Long-Parham's request for relief to the extent he sought credit for previous periods of incarceration, including the December 2012, to March 2013 time period noted above.[7] Long-Parham filed a Petition for Review[8] with this Court in February 2020. Counsel filed an application to withdraw from Long-Parham's representation and an *Anders* brief, as addressed in the narrative below, which explains why Long-Parham's appeal lacks merit.

## II. Counsel's Application to Withdraw Appearance

In order to withdraw from court-appointed representation, counsel must provide the court with an *Anders* brief, so called for the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967). The Pennsylvania Supreme Court has since clarified the *Anders* requirements as relevant to Pennsylvania procedure. *See Cmwlth. v. Santiago*, 978 A.2d 349 (Pa. 2009). In *Santiago*, the Pennsylvania Supreme Court held:

---

[7] The Board referenced the specific dates as December 2, 2012, to March 23, 2013, rather than December 3, 2012, to March 24, 2013, as referenced by Long-Parham. C.R. at 238.

[8] This Court's review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. *Shaffer v. Pa. Bd. of Prob. & Parole*, 675 A.2d 784 (Pa. Cmwlth. 1996).

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. Our Supreme Court has further held that in matters involving underlying criminal proceedings, counsel may submit a "no-merit" letter detailing the nature and extent of her review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. *Cmwlth. v. Turner*, 544 A.2d 927 (Pa. 1988).

On June 17, 2020, Counsel filed a no-merit letter with this Court. Counsel's Application to Withdraw Appearance accompanied the no-merit letter. We will now evaluate Counsel's no-merit letter under the standard set forth by the Pennsylvania Supreme Court.[9]

### A. Analysis of No-Merit Letter

Upon inspection of Counsel's filings, pages one through four of her no-merit letter outline the procedural history and facts with appropriate citation to the Certified Record. *See* Counsel's No-Merit Letter, 06/17/2020, at 1-4. Our "Background" section above reflects that Counsel provides a competent account of

---

[9] In *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985), this Court enunciated technical requirements that must be satisfied in order to successfully withdraw as counsel. Counsel must notify the parolee of her request to withdraw, furnish the parolee a copy of a no-merit letter, and advise the parolee of his right to retain new counsel, or raise any points he may deem worthy of consideration. *Id.* *See* Appl. to Withdraw Appearance and Request for Extension of Briefing Schedule, 06/17/2020, at Ex. A.

the history of this case as this Court chooses to rely, in substantial part, on Counsel's no-merit letter for factual purposes, supported by her accurate references to the Certified Record.

## B. Counsel Met All Requirements

In her no-merit letter and Application to Withdraw Appearance, Counsel met all requirements set forth and clarified by the Pennsylvania Supreme Court, and by this Court in *Craig*. The record reflects that Counsel notified Long-Parham of the Application to Withdraw Appearance, provided Long-Parham with a copy of the *Anders* brief that details Counsel's review of the issues, with citation, and the reasons why she concluded those issues lack merit, any points that might support Long-Parham's appeal (of which there were none), and advised Long-Parham of his right to retain new counsel or raise any new points he might deem worthy of consideration. In her no-merit letter, Counsel states that "Long-Parham's commitment as a CPV was due to criminal activity committed during the period of time that he was delinquent on parole[10] for the time he previously was found to be a TPV and his time [at] liberty was forfeited," concluding that "Long-Parham's appeal has no basis in law or in fact and is, therefore, without merit." Counsel's No-Merit Letter, 06/17/2020, at 3-4. Because Counsel satisfied the requirements for withdrawal, we grant her Application to Withdraw Appearance. Accordingly, we turn to the merits of Long-Parham's Petition for Review.

---

[10] The Pennsylvania Office of Attorney General executed an "Information," on December 2, 2013, which stated that Long-Parham's criminal activity which led to his January 20, 2015 conviction occurred "on or about January 1, 2012 through December 12, 2012." C.R. at 91.

### III. Petition for Review

In sum, Long-Parham was released on parole on December 28, 2010. C.R. at 4. He was arrested on new charges on December 3, 2012, while he was simultaneously under an active arrest warrant for parole violations which had begun on September 10, 2012. C.R. at 21, 46. Long-Parham was convicted in the Court of Common Pleas of Allegheny County for "Corrupt Organizations - Employee," on January 20, 2015, and sentenced accordingly. C.R. at 99.

Relevant to our determination herein, we note that Section 6138 of the Prisons and Parole Code provides as follows:

> **(a) Convicted violators.**--
> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty . . . at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
> (2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under [Sentencing Code] Subch. H (relating to registration of sexual offenders).
> . . . .
> **(c) Technical violators.**--
> (1) A parolee under the jurisdiction of the [B]oard who violates the terms and conditions of his parole, . . . may be detained pending a

7

hearing before the [B]oard or waiver of the hearing or recommitted after a hearing before the [B]oard or a waiver of the hearing.
. . . .
(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.
(3) The remainder shall be computed by the [B]oard from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the [B]oard.

61 Pa.C.S. §6138(a), (1), (2), (2.1), (i), (c).

Citing *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019) (holding that when the Board recommits a CPV, it cannot revoke credit that a parolee was granted in a previous parole that resulted in recommitment as a TPV), Long-Parham argues that

[t]he only time that remains eligible for forfeiture for a parolee recommitted as a CPV is the limited period of time that falls between the parolee's most recent re-parole and his recommitment. The [B]oard erred when it revoked the 563 days of good standing street time that [he] had required in the parole period leading to his recommitment as a TPV on 01/30/2013.

Petition for Review, ¶7.

Here, and as noted by Counsel in her no-merit letter, the controlling law is *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109 (Pa. Cmwlth. 2020), rather than *Penjuke*, as asserted by Long-Parham. In *Kazickas*, this Court found that *Penjuke* and *Kazickas* were distinguishable from one another. The issues raised in the present matter are the same as those in *Kazickas*.

In *Kazickas*, we acknowledged that *Penjuke* stands for the proposition that "when the Board recommits a CPV, it cannot revoke the credit that a parolee

8

has been granted in a previous parole that resulted in recommitment as a TPV." *Kazickas*, 226 A.3d at 116 (citing *Penjuke*, 203 A.3d at 420).  However, "because the criminal conduct that led to Kazickas' CPV recommitment occurred during the same parole period as the violation that led to his TPV recommitment," we determined that *Penjuke* did not control.  *Kazickas*, 226 A.3d at 116.

Although Long-Parham asserts that the Board erred by forfeiting his street time when he was recommitted as a CPV for a violation that occurred during the same parole period as the violation that led to the determination he was a TPV, the Board's action is supported by relevant case law, as cited above.  Long-Parham was paroled by the Board and subsequently violated the terms of his parole and was convicted of an additional criminal offense.  The Board had no obligation to credit Long-Parham for his street time where his commitment as a CPV was due to criminal activity committed during the same period he was delinquent on parole and for which he was previously determined to be a TPV.  *See Kazickas*, 226 A.3d 109.

## IV.    Conclusion

For the aforementioned reasons, we grant Counsel's Application to Withdraw Appearance, and we affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Garnett Long-Parham,                        :
                          Petitioner         :
                                             :
          v.                                 :    No.  151 C.D. 2020
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :
                          Respondent         :

# **O R D E R**

**AND NOW**, this 18th day of December 2020, we **GRANT** Autumn Johnson, Esq.'s Application to Withdraw Appearance as counsel and **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

_____

J. ANDREW CROMPTON, Judge
